# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 1:06-CR-127-1 |
| | § | |
| MICHAEL ANTHONY CORBIN | § | |

### REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
### FOR OFFENDER UNDER SUPERVISION

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed December 29, 2015, alleging that the Defendant, Michael Anthony Corbin, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(I) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I. The Original Conviction and Sentence

Michael Anthony Corbin was sentenced on March 29, 2007, before The Honorable U.S. District Judge Thad Heartfield of the Eastern District of Texas after pleading guilty to Count 1: Conspiracy to Possess With Intent to Distribute Not Less Than 500 Grams of Cocaine HCl, a Class C felony; and Count 2: Possession With Intent to Distribute 5 Grams or More, But Less Than 50 Grams of Cocaine Base, a Class B felony. Count 1 carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 23 and a criminal history category of IV, was 70 to 87 months. Count 2 carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 23 and a criminal history category of IV, was 70-87 months. Michael Anthony Corbin was subsequently sentenced to 70 months of imprisonment as to Count 1 and 70 months as to Count 2, both such terms

to run concurrently. The imprisonment term was ordered to be followed by a 5-year tem of supervised release. This term consists of terms of 3 years as to Count 1, and 5 years as to Count 2, both terms to run concurrently. The supervised release terms were ordered subject to the standard conditions of release, plus special conditions to include drug aftercare, and a $200 special assessment.

## II.  The Period of Supervision

On October 21, 2011, Michael Anthony Corbin completed his period of imprisonment and began service of the supervision term.

## III.  The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision raising three allegations. The petition alleges that Corbin violated the following conditions that: 1.) he shall not commit another federal, state, or local crime; 2.) he shall not legally possess a firearm, ammunition, destructive device, or any other dangerous weapon; 3.) he shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer; 4.) he shall not illegally possess a controlled substance; and 5.) he shall refrain from any unlawful use of a controlled substance. The first three allegations derive from Corbin's alleged involvement in a murder. The petition states that "According to Beaumont Police Department, on or about December 25, 2015, Mr. Corbin committed the offenses of Murder and Felon in Possession of a Firearm by being caught on video camera passing a handgun to Derrell Paul Williams who then allegedly used that gun to shoot and kill another individual over a dispute." Allegations four and five stem from an arrest on March 26, 2013, which resulted in Corbin being charged with public intoxication ("PI") and possession of a synthetic marijuana cigarette. The petition further alleges that on April 20, 2013, Corbin pled guilty to the PI

and paid a $167 fine. The drug charge remained pending at that time. On May 8, 2014, Mr. Corbin pleaded Nolo Contendre to the drug charge (Controlled Substance Possession - Class B Misdemeanor), was adjudged Guilty, and ordered to pay a $500 fine plus $297 court costs, and zero days confinement in jail.

## IV.  Proceedings

On January 15, 2016, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition regarding the revocation. The Defendant agreed to plead "true" to the fifth allegation that he failed to refrain from the unlawful use of a controlled substance and admitted he was convicted of possession of a controlled substance.

The parties did not agree on the terms of sentencing. The Government sought a minimum sentence of six (6) months' imprisonment with six (6) months' supervised release. Consequently, the undersigned held a hearing to determine the appropriate punishment recommendation.

## V.  Principles of Analysis

Statutory Provisions:

According to Title 18 U.S.C. § 3583(e)(3), the Court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the Court, pursuant to the Federal Rules of Criminal

Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case. The original offenses of conviction were a Class C felony (Count 1), and a Class B felony (Count 2); therefore, the maximum imprisonment sentence is 2 years, and 3 years, respectively, which may be ordered to run consecutively or concurrently.

According to Title 18 U.S.C. § 3583(g)(1), if a defendant possesses a controlled substance in violation of the conditions set forth in subsection (d), the Court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized under subsection (e)(3). The original offenses of conviction were a Class C felony (Count 1), and a Class B felony (Count 2); therefore, the maximum imprisonment sentence is 2 years, and 3 years, respectively, which may be ordered to run consecutively or concurrently.

According to U.S.S.G. § 7B1.1(a), if the Court finds by a preponderance of the evidence that Michael Anthony Corbin violated conditions of supervision by failing to refrain from unlawful use of a controlled substance, Michael Anthony Corbin will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of IV, the guideline imprisonment range is 6 to 12 months.

General Guideline Provisions:

According to U.S.S.G. § 7B1.3(c)(1), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), for any portion of the minimum term.

According to U.S.S.G. § 7B1.3(f) any term of imprisonment imposed upon revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

Statutory Provisions:

According to 18 U.S.C. § 3583(h), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. The authorized term of supervised release for Count 1 is 3 years to life, and 4 years to life as to Count 2.

Guideline Provisions:

U.S.S.G. § 7B1.3(g)(2) indicates where supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the Court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(a)(6).

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Evidence

The Defendant called Ms. Rikisha Peet to testify at the revocation hearing. Peet is the Defendant's fiancee and has known him for more than twenty years. Peet testified that she has lived with Corbin for five years, and that he is a very active parent to their children. Peet testified that Corbin has been employed with BNR as a lead scaffold builder for nine (9) months and earns $2400 per week.

The Government called Sergeant Ronald Dicheler to testify at the revocation hearing. Sgt. Dicheler testified that on the early morning of December 26, 2015, he responded to a call regarding a shooting at a local nightclub. A witness, Jasmine Scott, told Sgt. Dicheler that she and two other girls were inside the club when Corbin inappropriately touched them. Scott said that she and the other girls tried to shove him away, but that she called her father over to speak with Corbin. Later that night, Scott's father was shot outside the club by an unknown shooter. The Government represented that there was a video of the incident, which they declined to present at the hearing, wherein Corbin was standing in the same vicinity as the shooter and left immediately after the shooting. Sgt. Dicheler testified that he eventually interviewed Corbin, who said he had been drinking heavily, and denied knowing the identity of the shooter.

## VI. Application

The Defendant pled "true" to the petition's fifth allegation that he violated a mandatory condition of release that he refrain from any unlawful use of a controlled substance by possessing a cigarette containing UR 144, a cannaboid receptor that mimics the effects of cannabinoids in marijuana. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant

or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

Based on this agreement, the Government did not proceed on the first four allegations, which included *inter alia*, that Corbin committed the offenses of murder and felon in possession of a firearm when he handed an unidentified shooter a firearm that was used to shoot and kill a man in the early morning hours of December 26, 2015.

The undersigned has carefully considered each of the factors listed in 18 U.S.C. §§ 3583(e) and 3553(a). The Defendant's violation is a Grade C violation, and his criminal history category is IV. The guideline imprisonment range is 6 to 12 months, and the statutorily authorized maximum imprisonment term is 24 months. The Defendant did not comply with the conditions of his supervision and has demonstrated an unwillingness to adhere to conditions of supervision.

Consequently, incarceration appropriately addresses the Defendant's violation. However, the Defendant and the Government agreed only to revoke the term of supervised release based on Corbin's failure to refrain from any unlawful use of a controlled substance – based on his possession of a synthetic marijuana cigarette in 2013. The underlying offense resulted in a fine only – no jail time – and was nearly three years ago. The Government did not proceed to revoke his supervised release when his conviction occurred. Since 2013, Corbin has not tested positive for the use of controlled substances, and has seemingly complied with the terms of his supervised release except for the recent allegations, which the Government did not pursue. The undersigned requested that Corbin be drug tested at the January 15, 2016 hearing. His test was negative for controlled substances.

Sgt. Dicheler's testimony was not sufficient to convince the undersigned that a sentence of six (6) months was appropriate. The Defendant's conditions of supervised release did not prohibit him from being at a nightclub or from consuming alcohol on the night of December 25, 2016. Further, Jasmine Scott's statement to the police that Corbin inappropriately touched her was unsubstantiated hearsay (although admissible at a revocation hearing. See Fed. R. Evid. 1101.). The murder occurred in late December, allowing adequate time for the Government to develop inculpatory evidence connecting Corbin to the murder, which it has failed to do.

Most notably, the Government did not proceed on the first four counts of the Petition that addressed his alleged involvement in the murder, so the undersigned cannot rely on the unsubstantiated allegations.

Accordingly, the sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a sentence of seven (7) days' imprisonment with credit for time previously served, and a two (2) year term of supervised release to follow.

## VII. Recommendations

The court should find that the Defendant violated the fifth allegation in the petition that he violated a mandatory condition of release by failing to refrain from any unlawful use of a controlled substance. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583. The Defendant should be sentenced to a term of seven (7) days' imprisonment with credit for time previously served, and a two (2) year term of supervised release to follow.

The undersigned also imposed special conditions of release: 1.) The Defendant shall participate in a program of testing and treatment for alcohol and drug abuse under the guidance and direction of the U.S. Probation office, until such time as the Defendant is released from the program by the probation officer; 2.) the Defendant shall refrain from all alcohol use; 3.) the Defendant shall not visit any bar, tavern or lounge, and 4.) the Defendant shall comply with a curfew from 10pm-6am, as directed by his Probation Officer. The undersigned listed and explained the basis of these special conditions to the Defendant on the record.

## VIII. Objections

Pursuant to 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation. Objections to this report must: (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within fourteen (14) days after being served with a copy of this report, and (4) no more than eight (8) pages in length. See 28 U.S.C. § 636(b)(1)(c) (2009); FED. R. CIV. P. 72(b)(2); Local Rule CV-72(c). A party who objects to this report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. See 28 U.S.C. § 636(b)(1) (2009); FED R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, see Rodriguez v. Bowen, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of

fact and conclusions of law accepted by the United States District Judge, see <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 22nd day of January, 2016.

_____
Zack Hawthorn
United States Magistrate Judge